FILED

10/28/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0641

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

IN THE MATTER OF MARK J. HARTWIG,

An Attorney at Law,

Respondent.

)
)
)
)
)
)
)
)
)

Supreme Court Cause No. _____

ODC File No. 23-235

**COMPLAINT**

**Rules 1.3, 1.4, and 1.16, MRPC**

By leave of the Commission on Practice granted on October 8, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Mark J. Hartwig with professional misconduct as follows:

**General Allegations**

1. Mark J. Hartwig, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2003, at which time he took the oath required for admission, wherein Respondent agreed to abide by the Rules of

*Complaint* - Page 1

Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. In August 2022, L.B. was charged with misdemeanor theft from a Walmart store. The charges were based in large part on testimony from a Walmart employee. As a result of the charges, L.B was forced to pay a bond. He was later arrested for a probation violation and required to pay an additional bond. The charges were later dismissed by the city prosecutor.

4. L.B. retained Respondent to pursue a civil action against Walmart for falsely accusing him of having been involved in a theft from its store. Respondent agreed to represent L.B on a contingency fee basis and executed a written fee agreement on September 7, 2022. Respondent spoke to Walmart on L.B.'s behalf in approximately October or November of 2022. Respondent reported the initial phone call to L.B. and asked for additional information for damages. However, after that initial phone call, L.B. was unable to reach or speak to Respondent. He did no other work for L.B. He did not communicate with him again. He did not inform L.B. that

he did not intend to pursue the case or continue to represent him in the matter. As a result, L.B. filed a grievance with ODC in December 2023.

5. In response to ODC's inquiries, Respondent acknowledged that he made contact with Walmart on behalf of L.B. He noted he had concluded that he did not want to pursue L.B.'s case in approximately May of 2023. He acknowledged that he never informed L.B. of this decision. He admitted that he failed to communicate with L.B after October or November of 2022. Though he noted that he had health issues during this time period, he provided no explanation for failing to proceed with the case, even after his health improved, or withdraw from the representation. Respondent asked ODC to inform L.B. that he was no longer representing him.

### Count One

6. ODC realleges and incorporates paragraphs 1 through 5 of the General Allegations as if fully restated in this Count One.

7. The evidence proves the existence of a fee agreement. In addition, Respondent admitted to calling Walmart on L.B.'s behalf in November of 2022. No other activity occurred on behalf of L.B. Respondent admits that he failed to either proceed with L.B.'s litigation or withdraw from representation.

8. Respondent's conduct outlined above constitutes a violation of Rule 1.3, Diligence; MRPC.

//

## Count Two

9. ODC realleges and incorporates paragraphs 1 through 5 of the General Allegations and paragraphs 6 through 8 as if fully restated in this Count Two.

10. Respondent admits in his Response that he was suffering from an illness and claims his illness impacted his ability to fully practice. However, he also acknowledged that he failed to notify his client of this fact or withdraw from representation. In addition, Respondent does not explain why he did not proceed with the representation or withdraw after he recovered from his illness. L.B. believes Respondent's conduct had a material adverse effect on his interest. Finally, Respondent admitted that he failed to notify L.B. of his decision not to represent him and proceed with any type of litigation on his behalf.

11. Respondent's conduct outlined above constitutes a violation of Rule 1.16, Declining or Terminating Representation; MRPC.

## Count Three

12. ODC realleges and incorporates paragraphs 1 through 5 of the General Allegations and paragraphs 6 through 11 as if fully restated in this Count Three.

13. Respondent failed to communicate with L.B. regarding his analysis of the case and his decision not to proceed with any type of litigation on L.B.'s behalf. Respondent admitted that he failed to communicate with L.B. after his initial consultation.

*Complaint* - Page 4

14. Respondent's conduct outlined above constitutes a violation of Rule 1.4, Communication; MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 28 day of October, 2024

OFFICE OF DISCIPLINARY COUNSEL

By: _Pamela D. Bucy_
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 5

**CERTIFICATE OF SERVICE**

I, Pamela D. Bucy, hereby certify that I have served true and accurate copies of the foregoing Complaint - Formal Complaint and Citation to Appear to the following on 10-28-2024:

Commission on Practice (Other)
301 S. Park Ave. Suite 328
P.O. Box 203005
Helena MT 59601
Representing: Self-Represented
Service Method: E-mail Delivery

Shelly Smith (Court Reporter)
Office Administrator
Supreme Court Boards and Commissions
P.O. Box 203002
301 S. Park Ave., Ste. 328
Helena MT 59624
Service Method: eService
E-mail Address: shellysmith@mt.gov

Electronically signed by Shelby Streib on behalf of Pamela D. Bucy
Dated: 10-28-2024